NO. 12-CI-2092                                    JEFFERSON CIRCUIT COURT
                                                      DIVISION TEN (10)

LEON BRACKENS                                              PLAINTIFF

v.

LOUISVILLE-JEFFERSON COUNTY                              DEFENDANTS
METROPOLITAN GOVERNMENT
d/b/a
Louisville Metro Police Department
810 Barrett Ave.
Louisville, Kentucky 40204
          SERVE:  Greg Fischer
                  Louisville Metro Hall
                  527 West Jefferson St.
                  Louisville, KY 40202
and

OFFICER SAM MADISON
In his individual and official capacity as an Louisville Metro Police Officer
          SERVE:  Sam Madison
                  Louisville Metro Division of Police
                  633 West Jefferson
                  Louisville, K7 40202
and

OFFICER EMILY LETTIE
In her individual and official capacity as an Louisville Metro Police Officer
          SERVE:  Emily Lettie
                  Louisville Metro Division of Police
                  633 West Jefferson
                  Louisville, K7 40202
and

SERGEANT KEVIN HAMLIN
In his individual and official capacity as an Louisville Metro Police Officer
          SERVE:  Kevin Hamlin
                  Louisville Metro Division of Police
                  633 West Jefferson
                  Louisville, K7 40202
and

OFFICER BRIAN GILLOCK
In his individual and official capacity as an Louisville Metro Police Officer
          SERVE:  Brian Gillock

**EXHIBIT** c

Louisville Metro Division of Police
633 West Jefferson
Louisville, K7 40202

and

OFFICER NATHANIEL HERNANDEZ
In his individual and official capacity as an Louisville Metro Police Officer
            SERVE:  Nathaniel Hernandez
                    Louisville Metro Division of Police
                    633 West Jefferson
                    Louisville, K7 40202

and

OFFICER JAMES STEFFAN
In his individual and official capacity as an Louisville Metro Police Officer
            SERVE:  James Steffan
                    Louisville Metro Division of Police
                    633 West Jefferson
                    Louisville, K7 40202

and

OFFICER ROBERT ASHENFELTER
In his individual and official capacity as an Louisville Metro Police Officer
            SERVE:  Robert Ashenfelter
                    Louisville Metro Division of Police
                    633 West Jefferson
                    Louisville, K7 40202

and

OFFICER CAREY HIRTZEL
In his individual and official capacity as an Louisville Metro Police Officer
            SERVE:  Carey Hirtzel
                    Louisville Metro Division of Police
                    633 West Jefferson
                    Louisville, K7 40202

and

OFFICER BRETT HANKISON
In his individual and official capacity as an Louisville Metro Police Officer
            SERVE:  Brett Hankison
                    Louisville Metro Division of Police

2

633 West Jefferson
Louisville, K7 40202

and

OFFICER ROBERT WARD
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  Robert Ward
                Louisville Metro Division of Police
                633 West Jefferson
                Louisville, K7 40202

and

SERGEANT MATTHEW GLASS
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  James Steffan
                Louisville Metro Division of Police
                633 West Jefferson
                Louisville, K7 40202

and

OFFICER CHRIS MEREDITH
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  Chris Meredith
                Louisville Metro Division of Police
                633 West Jefferson
                Louisville, K7 40202

and

OFFICER ERIC BOSWELL
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  Eric Boswell
                Louisville Metro Division of Police
                633 West Jefferson
                Louisville, K7 40202

and

OFFICER ARCADIO HIDROGO
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  Arcadio Hidrogo
                Louisville Metro Division of Police
                633 West Jefferson

Louisville, K7 40202

and

OFFICER EDDIE PHILLIPS
In his individual and official capacity as an Louisville Metro Police Officer
SERVE:  Eddie Phillips
Louisville Metro Division of Police
633 West Jefferson
Louisville, K7 40202

and

OFFICER JEREMY ALLEN
In his individual and official capacity as an Louisville Metro Police Officer
SERVE:  Jeremy Allen
Louisville Metro Division of Police
633 West Jefferson
Louisville, K7 40202

and

SERGEANT STU HAMILTON
In his individual and official capacity as an Louisville Metro Police Officer
SERVE:  Stu Hamilton
Louisville Metro Division of Police
633 West Jefferson
Louisville, K7 40202

and

OFFICER S. MOSS
In his individual and official capacity as an Louisville Metro Police Officer
SERVE:  S. Moss
Jeffersonville Police Department
City Hall, Suite 135
500 Quartermaster Court
Jeffersonville, IN 47130

and

OFFICER R. ASHABRANNER
SERVE:  R. Ashabranner
Jeffersonville Police Department
City Hall, Suite 135
500 Quartermaster Court

4

Jeffersonville, IN 47130

and

POLICE CHIEF CHRIS GRIMM
      SERVE:  Chris Grimm
              Jeffersonville Police Department
              City Hall, Suite 135
              500 Quartermaster Court
              Jeffersonville, IN 47130

and

OFFICER J. SCHILLER
      SERVE:  J. Schiller
              Jeffersonville Police Department
              City Hall, Suite 135
              500 Quartermaster Court
              Jeffersonville, IN 47130

and

UNKNOWN DEFENDANT OFFICERS
In their individual and official capacities as Louisville Metro Police Officers and
Jeffersonville Police Officers

## SECOND AMENDED COMPLAINT

\* \* \* \* \* \* \*

### JURISDICTION AND VENUE

1.      Subject matter jurisdiction over this action exists under Section 112 of the Kentucky Constitution because the amount in controversy, excluding interest, costs, and attorney's fees, exceeds the jurisdictional prerequisites of this Court.

2.      Venue is proper in Jefferson County Circuit Court because the Defendants reside and/or perform their official duties in Jefferson County and the injuries in question occurred in Jefferson County.

## PARTIES

3.      The Plaintiff, Leon Brackens, resides in Floyd County, Indiana.

4.      The Defendant, Louisville-Jefferson County Metropolitan Government is the successor government to the merged governments of the former city of Louisville and former Jefferson County pursuant to KRS 67C.101. This entity is authorized to conduct governmental business on behalf of the citizenry of the merged city and county, is *sui generis*, and is the real party in interest to each of its included agencies, including the named Louisville Metro Police Department ("LMPD").

5.      Upon information and belief, Defendant Officer Sam Madison was at all times relevant to this action, a police officer employed by LMPD.

6.      Upon information and belief, Defendant Officer Brian Gillcock was at all times relevant to this action, a police officer employed by LMPD.

7.      Upon information and belief, Defendant Sergeant Kevin Hamlin was at all times relevant to this action, a police officer employed by LMPD.

8.      Upon information and belief, Defendant Officer Nathaniel Hernandez was at all times relevant to this action, a police officer employed by LMPD.

9.      Upon information and belief, Defendant Officer James Steffan was at all times relevant to this action, a police officer employed by LMPD.

10.     Upon information and belief, Defendant Officer S. Moss was at all times relevant to this action, a police officer employed by Jeffersonville Police Department.

11.    Upon information and belief, Defendant Officer R. Ashabranner was at all times relevant to this action, a police officer employed by Jeffersonville Police Department.

12.    Upon information and belief, Defendant Police Chief Chris Grimm was at all times relevant to this action, a police officer employed by Jeffersonville Police Department.

13.    Upon information and belief, Defendant Officer J. Schiller was at all times relevant to this action, a police officer employed by Jeffersonville Police Department.

14.    There are unknown defendants, believed to be LMPD officers and Jeffersonville Police officers, whose identity and/or responsibility for the unlawful acts set forth below, may be ascertained during the course of this litigation.

15.    Upon information and belief, these unknown defendants are and were at all times relevant to this action, police officers employed by LMPD and Jeffersonville Police Department.

16.    The above-named individual Defendants have been identified by LMPD as present at the scene of the Plaintiff's assault, and participated directly in his assault and/or aided in the cover-up of the events described in this complaint.

## FACTUAL ALLEGATIONS

17.    In the early morning hours of April 21, 2011, Rhonda Rae Sullivan set in motion a police chase that began in Jeffersonville, Indiana and ended on the streets of Louisville, which garnered the attention and involvement of both Jeffersonville and Louisville Metro police officers along the way.

18.   Ms. Sullivan was giving Mr. Brackens a ride to the store when she was pulled over by police officers in Indiana.

19.   As the police approached her vehicle, she took off.

20.   Mr. Brackens, a helpless passenger, was trapped in the vehicle as Ms. Sullivan raced through Southern Indiana and the Louisville Metro area.

21.   During the chase, Mr. Brackens dialed 911 on his cell phone hoping that police would be able to save him. You can hear Mr. Brackens' repeated cries for help and pleas for his life on the 911 recording.

22.   Mr. Brackens was not involved with, nor was he an accomplice to, Ms. Sullivan's actions that day. He was nothing more than an innocent bystander.

23.   As Ms. Sullivan sped through Louisville, Kentucky, Defendants joined the chase and eventually stopped the vehicle on I-264 at Exit 18 (Breckinridge Lane).

24.   Upon blocking Ms. Sullivan's vehicle, the Defendants immediately descended upon it.

25.   The Defendants told Mr. Brackens to put his arms in the air and he immediately complied. At no time did Mr. Brackens refuse to comply with any order of any police officer.

26.   Officer S. Madison's dashboard camera video shows that officers forcefully removed Mr. Brackens from Ms. Sullivan's vehicle.

27.   Defendants ripped open the front passenger door, dragged Mr. Brackens out of the vehicle, and savagely beat him.

28.   Defendants slammed him to the ground and jumped on him.

29.     One Defendant kneed Mr. Brackens in his chest breaking his ribs.

30.     One Defendant stomped on Mr. Brackens' shoulder, which is permanently disfigured as a result.

31.     Despite Mr. Bracken's pleas to stop and promises that he was complying with them, he was repeatedly punched and kicked by Defendants.

32.     After the attack, Mr. Brackens was unable to walk on his own.

33.     Defendants attempted to pick Mr. Brackens up off of the ground to put him in the police car. However, they were unable to move Mr. Brackens due to his severe injuries.

34.     Eventually one of the Defendants called for EMS and Mr. Brackens was transported from the scene to University Hospital.

35.     An EMS worker asked one of the Defendants what he should state as the cause of Plaintiff's injuries, to which one of the Defendant officers replied, "I don't give a fuck, make up something."

36.     Mr. Brackens reported to the EMS responders, who were called by LMPD that Defendants had pulled him from the vehicle and assaulted him.

37.     Although Mr. Brackens was not arrested in connection with the events of that morning, he sustained severe injuries due Defendants' excessive use of force against him.

38.     Mr. Brackens suffered a fractured femur, a fractured humerus, and numerous other injuries as a result of the assault by Defendants.

39.     To this day, Mr. Brackens is confined to a wheelchair as a result of the attack.

40.     A social worker at University Hospital substantiated that the injuries were the result of a physical assault.

41.     Due to the injuries he sustained at the hands of the Defendants, Mr. Brackens was hospitalized for several months and has undergone multiple surgeries.

42.     He also spent time living in a nursing home because he cannot care for himself.

43.     He is currently living with his father with the assistance of Hospice, as his health is fading.

44.     Plaintiff, through counsel, investigated the incidents that occurred on April 21, 2011, and was met with frequent attempts by Defendants to conceal the truth.

45.     Beginning in May of 2011 and continuing through September, Plaintiff submitted multiple Open Records Requests pursuant to KRS 61.870 et seq.

46.     During this time, Defendants repeatedly stalled and refused to turn over any records requested.

47.     On or about May 11, 2011, Plaintiff was told that the requested records were not yet available.

48.     On or about May 24, 2011, LMPD informed Plaintiff's counsel that there was only <u>one</u> document that was responsive to Plaintiff's request for "any and all documentation/records/notes/investigations/-files surrounding the pursuit, arrest and extradition (if applicable) of Rhonda S. Sullivan on or about April 21,

2011, including but not limited to all dispatch audio" and that Metro Safe was unable to locate any dispatch audio due to "insufficient information."

49.    Again in September, Plaintiff was told that LMPD was not in possession of any records responsive to the request for "any and all documentation, including, but not limited to, dispatch logs, records, audio recordings, e-mails, run logs, dashboard camera videos, charts, outgoing calls, which in any way related to the attached run on April 21, 2011."

50.    However, in October, LMPD finally released to Plaintiff twenty-five pages of documentation as well as a CD that was responsive to the September request.

51.    On or about November 9, 2011, LMPD also released another CD to Plaintiff, which was responsive to the same September request.

52.    Although Ms. Sullivan was arrested by LMPD on April 21, 2011, the arresting officer is listed as "unknown."

53.    Moreover, despite Defendants' dashboard video evidencing LMPD officers using force against Mr. Brackens, no use of force form has ever been produced.

54.    Such behavior is indicative of an overall scheme to cover-up the events of April 21, 2011, particularly the vicious assault perpetrated by Defendants against Plaintiff.

55.    There were no allegations that Mr. Brackens was resisting arrest or being combative.

56.     In fact, Mr. Brackens was not arrested or charged with anything related to the events of that morning, yet he sustained severe injuries only moments after being stopped by Defendants.

## COUNT I
## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983

57.     Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

58.     At all relevant times, the Defendants acted under color of state law.

59.     In addition, at relevant times, Defendants acted within the course and scope of their duties as LMPD and Jeffersonville Police officers.

60.     On or about April 21, 2011, Defendants, without probable cause or justification used excessive physical force, assaulted, battered, and falsely imprisoned Plaintiff Leon Brackens all to his detriment.

61.     Defendants' actions were in bad faith and without just and legal cause, thereby violating the Plaintiff's rights under the Constitution and Laws of the United States, and the acts of the Defendants were not objectively reasonable under the circumstances.

62.     The aforementioned conduct of the Defendants amounts to an unreasonable seizure and/or seizure without probable cause within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, Title 42 of the United States Code § 1983.

63.     Thus, Defendants deprived Mr. Brackens of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

64.     Pursuant to the United States Constitution and 42 U.S.C. § 1983, the Defendant LMPD has failed to adequately train and supervise its law enforcement officers, as to the proper procedure for apprehending citizens of the Commonwealth of Kentucky.

65.     The constitutionally offensive and negligent training and supervision by the LMPD and Jeffersonville Police of its officers is inadequate to the task that the officers must perform, and the Defendant's deliberate indifference and inadequacy in the present scenario was "closely related to" and/or "actually caused" the Plaintiff's injuries.

66.     Defendants LMPD and Jeffersonville Police Department is responsible for the actions of the Unknown Defendant officers because the aforementioned constitutionally offensive and negligent supervision and training of its officers amounts to an execution and/or implementation of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by LMPD and Jeffersonville Police Department.

## COUNT II
### CONSPIRACY PURSUANT TO 42 U.S.C. § 1985

67.     The Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

68.     Defendants conspired to violate Plaintiff's Constitutional rights by setting the events into action, by depriving Plaintiff of his rights, and by many attempts to conceal their illegalities by tampering with evidence.

69.     The conspiratorial acts of the Defendants have caused the Plaintiff to suffer physical damage, emotional damages and fear.

## COUNT III
## STATE LAW CLAIMS

70.     The Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

71.     The aforementioned conduct of the Defendants toward the Plaintiff constitutes the torts of excessive execution, assault, battery, and false imprisonment within the meaning of the common law of the Commonwealth of Kentucky.

72.     The aforementioned conduct of all Defendants constitutes "official misconduct" as contemplated by KRS 533.030 & 522.030.

73.     The aforementioned conduct of all Defendants constitutes assault as contemplated by KRS 508.030.

74.     The aforementioned conduct of all Defendants constitutes tampering with physical evidence as contemplated by KRS 524.100.

75.     Violations of these statutes are brought pursuant to KRS 446.070.

**WHEREFORE,** the Plaintiff, by counsel, respectfully demand as follows:

1.      For an award of compensatory and punitive damages for Plaintiff against all Defendants;

14

2.      For a trial by jury on any and all issues so triable;

3.      For his attorney's fees and expenses incurred herein and the costs of

        this action; and

4.      Any and all other relief to which the Plaintiff may appear entitled.


                                Respectfully submitted,

                                DANIEL J. CANON
                                GARRY R. ADAMS
                                CLAY FREDERICK ADAMS, PLC
                                Meidinger Tower, Suite 101
                                462 South Fourth Avenue
                                Louisville, Kentucky 40202
                                (502) 561-2005
                                *Counsel for Plaintiff*

                                and

                                MELLISSA EYRE YEAGLE
                                Meidinger Tower, Suite 101
                                462 South Fourth Avenue
                                Louisville, Kentucky 40202
                                (502) 561-2005
                                *Co-Counsel for Plaintiff*