NO. 12-CI-2092

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)
JUDGE IRV MAZE

LEON BRACKENS

PLAINTIFF

v.

**ANSWER ON BEHALF OF
LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT**

LOUISVILLE METRO GOVERNMENT, *et al.*

DEFENDANTS

\* \* \* \* \* \* \*

Defendant, Louisville Jefferson County Metro Government ("Metro"), by counsel, for its

Answer to the Second Amended Complaint filed herein state as follows:

1.    Metro states that the allegations contained in paragraphs 1 and 2 of the Plaintiff's

Second Amended Complaint are legal conclusions and/or characterizations to which no response

is required.

2.    Metro is without sufficient information or knowledge to admit or deny the

allegations contained in paragraph 3 of the Second Amended Complaint and therefore denies

same.

3.    Metro admits the allegations contained in paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12,

and 13 of the Second Amended Complaint.

4.    Metro is without sufficient information or knowledge to admit or deny the

allegations contained in paragraphs 14 and 15 of the Second Amended Complaint and therefore

denies same.

5.    Metro denies the allegations contained in paragraph 16 of the Second Amended

Complaint.

6.    Metro admits the allegations contained in paragraph 17 of the Second Amended

Complaint.

**EXHIBIT**    H

7.      Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 18, 19, and 20 of the Second Amended Complaint and therefore denies same.

8.      Metro admits that Mr. Brackens called 911. Metro states that the recording of that call speaks for itself. Metro is without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 21 of the Second Amended Complaint and therefore denies same.

9.      Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 22 and 23 of the Second Amended Complaint and therefore denies same.

10.     Metro denies the allegations contained in paragraphs 24 and 25 of the Second Amended Complaint.

11.     Metro states that the dashboard camera video identified in paragraph 26 of the Second Amended Complaint speaks for itself.

12.     Metro denies the allegations contained in paragraphs 27, 28, 29, 30, and 31 of the Second Amended Complaint.

13.     Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 32 and 33 of the Second Amended Complaint and therefore denies same.

14.     Metro admits an officer called for EMS and Mr. Brackens was transported to the hospital.  All other allegations contained in paragraph 34 of the Second Amended Complaint, whether explicit or implied, are denied.

15.     Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 35, 36, 37, 38, 39, 40, 41, 42, and 43 of the Second Amended Complaint and therefore denies same.

16.     Metro denies the allegations contained in paragraph 44 of the Second Amended Complaint.

17.     Metro admits that between May and September of 2011, counsel for the Plaintiff submitted more than one open records request to Metro and/or LMPD. The remainder of the allegations contained in paragraph 45 of the Second Amended Complaint are denied.

18.     Metro denies the allegations contained in paragraph 46 of the Second Amended Complaint.

19.     Regarding the allegations contained in paragraphs 47, 48, 49, 50 and 51 of the Second Amended Complaint, Metro states that the letters and documentation sent to Plaintiff's Counsel in response to the open records requests speak for themselves.

20.     Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 52 of the Second Amended Complaint and therefore denies same.

21.     Regarding the allegations contained in paragraph 53 of the Second Amended Complaint, Metro states that the video speaks for itself. Metro admits that it has not produced a use of force form.

22.     Metro denies the allegations contained in paragraph 54 of the Second Amended Complaint.

23.     Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 55 of the Second Amended Complaint and therefore denies same.

24.    Metro admits that Mr. Brackens was not arrested or charged with anything related to the events of that morning. Metro is without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 56 of the Second Amended Complaint and therefore denies same.

25.    Concerning the allegations contained in paragraph 57 of the Second Amended Complaint, Metro restates and incorporates herein by reference its answers and defenses to all previous paragraphs.

26.    Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 58, 59, 60, 61, 62, and 63 of the Second Amended Complaint and therefore denies same.

27.    Metro denies the allegations, as they pertain to LMPD, contained in paragraphs 64, 65 and 66 of the Second Amended Complaint. Metro is without sufficient information or knowledge to admit or deny the allegations, as they pertain to the Jeffersonville Police Department, contained in paragraphs 64, 65 and 66 of the Second Amended Complaint and therefore denies same.

28.    Concerning the allegations contained in paragraph 67 of the Second Amended Complaint, Metro restates and incorporates herein by reference its answers and defenses to all previous paragraphs.

29.    Metro denies the allegations contained in paragraphs 68 and 69 of the Second Amended Complaint.

30.    Concerning the allegations contained in paragraph 70 of the Second Amended Complaint, Metro restates and incorporates herein by reference its answers and defenses to all previous paragraphs.

31.   Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 71, 72, 73, 74, and 75 of the Second Amended Complaint and therefore denies same.

32.   All allegations not specifically admitted herein are denied.

## FIRST DEFENSE

33.   Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

34.   Metro is entitled to sovereign immunity for the state law claims.

## THIRD DEFENSE

35.   Punitive damages are not recoverable against Metro.

## FOURTH DEFENSE

36.   Metro expressly reserves the right to file further pleadings and to assert additional defenses as the proof develops.

WHEREFORE, Metro demands as follows:

1.   That Plaintiff's Complaint be dismissed, with prejudice;

2.   For its expenses incurred herein;

3.   For a trial by jury on all issues properly so triable, and

4.   Any and all other legal or equitable relief to which it may appear to be entitled.

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY

BY: _____
LISA A. SCHWEICKART
ASSISTANT COUNTY ATTORNEYS
FISCAL COURT BUILDING
531 COURT PLACE, SUITE 900
LOUISVILLE, KY 40202
(502) 574-4048

COUNSEL FOR LOUISVILLE JEFFERSON
COUNTY METRO GOVERNMENT

## CERTIFICATE

It is hereby certified that a copy of the foregoing was mailed on May 14th, 2012 via first-class U.S. mail, postage prepaid to: Daniel J. Canon, Garry R. Adams, and Mellissa Eyre Yeagle, CLAY FREDERICK ADAMS, PLC, Meidinger Tower, Suite 101, 462 S. Fourth Avenue, Louisville, KY 40202.

_____
LISA A. SCHWEICKART