NO. 12-CI-002092

JEFFERSON CIRCUIT COURT
DIVISION NO. TEN (10)
JUDGE IRV MAZE

LEON BRACKENS

PLAINTIFF

v.

**NOTICE**

LOUISVILLE-JEFFERSON COUNTY
METROPOLITAN GOVERNMENT, ET AL

DEFENDANTS

Please find attached as **Exhibit A,** a copy of the Defendants' Notice of Removal to Federal Court that was filed in this action on May 25, 2012.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

BY: _____
R. JEFFREY LOWE
KIGHTLINGER & GRAY, LLP
3620 Blackiston Boulevard, Suite 200
New Albany, Indiana 47150
(812) 949-2300
jlowe@k-glaw.com

Counsel for S. Moss, Rick Ashabranner,
Chris Grimm and J. Schiller

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May, 2012, a copy of the foregoing Appearance was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and/or U.S. Mail. Parties may access this filing through the Court's system.

> Daniel J. Canon
> Garry R. Adams,
> Clay Frederick Adams, PLC,
> 462 S. 4th Street, Meidinger Tower,
> Suite 1730
> Louisville, Kentucky 40202
> dan@justiceky.com
> garry@justiceky.com
> Counsel for Plaintiff
>
> Mellissa Eyre Yeagle,
> Meidinger Tower, Suite 101,
> 462 South Fourth Street,
> Louisville, Kentucky 40202
> Mellissa.eyre@gmail.com
> Counsel for Plaintiff
>
> Lisa A. Schweickart
> Assistant County Attorney
> Fiscal Court Building
> 531 Court Place, Suite 900
> Louisville KY 40202
> (502) 574-4048
> lisa.schweickart@louisvilleky.gov
> Counsel for Louisville Jefferson County Metro Government Defendants except Brian Gillock
>
> Sean Ragland
> Phillips, Parker, Orbeson & Arnett, PLC
> 716 W. Main Street, Suite 300
> Louisville KY 40202
> (502) 583-9900
> Sragland@ppoalaw.com
> Counsel for Officer Brian Gillock

R. Jeffrey Lowe

KIGHTLINGER & GRAY, LLP
Bonterra Building, Suite 200
3620 Blackiston Boulevard
New Albany, IN 47150
(812) 949-2300
jlowe@k-glaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LEON BRACKENS,

     Plaintiff,

v.                                 CASE NO.: _____

LOUISVILLE-JEFFERSON COUNTY
METRO GOVERNMENT d/b/a
Louisville Metro Police Department, and

OFFICER SAM MADISON, OFFICER EMILY LETTIE
SERGEANT KEVIN HAMLIN, OFFICER BRIAN GILLOCK,
OFFICER NATHANIEL HERNANDEZ, OFFICER JAMES STEFFAN,
OFFICER ROBERT ASHENFELTER, OFFICER CAREY HIRTZEL,
OFFICER BRETT HANKISON, OFFICER ROBERT WARD,
SERGEANT MATTHEW GLASS, OFFICER CHRIS MEREDITH,
OFFICER ERIC BOSWELL, OFFICER ARCADIO HIDROGO,
OFFICER EDDIE PHILLIPS, OFFICER JEREMY ALLEN, and
SERGEANT STU HAMILTON, all in their Individual capacities
and their official capacities as Louisville Metro Police Officers, and

OFFICER S. MOSS, OFFICER RICK ASHABRANNER,
POLICE CHIEF CHRIS GRIMM and OFFICER J. SCHILLER, and

UNKNOWN DEFENDANT OFFICERS
In their Individual and official capacities as Louisville Metro
Police Officers and Jeffersonville Police Officers,

     Defendants

**NOTICE OF REMOVAL**

     1.     Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, Samuel Moss, Rick

Ashabranner, Chris Grimm, and Joshua Schiller, Louisville-Jefferson County Metro

Government, Sam Madison, Emily Lettie, Kevin Hamlin, Brian Gillock, Robert Ashenfelter,

Carey Hirtzel, Brett Hankison, Robert Ward, Matthew Glass, Eric Boswell, Stu Hamilton hereby

give notice of their joint removal of this action from the Jefferson Circuit Court, Civil Action No.


EXHIBIT A

12-CI-002092, Division Ten, to the United States District Court, Western District of Kentucky, Louisville Division. Defendants James Steffan, Nathaniel Hernandez, Chris Meredith, Arcadio Hidrogo, Eddie Phillips, and Jeremy Allen have not been served with this lawsuit.

2.      This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal question) in that the allegations set forth in the Complaint allege violations of Plaintiff's United States Constitutional Rights (Second Amended Complaint, Count I - ¶¶57-66, Count II - ¶¶67-69). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the additional state law claims set forth in the Second Amended Complaint.

3.      Removal of this civil action to the U.S. District Court for the Western District of Kentucky at Louisville is proper, pursuant to 28 U.S.C. §1441(a), since this court has original jurisdiction and the Jefferson Circuit Court is located within the Western District of Kentucky.

4.      Defendant Chris Grimm received notice of this lawsuit on April 25, 2010. Therefore, removal of this action is timely pursuant to 28 U.S.C. § 1446 (b).

5.      As required by 28 U.S.C. § 1446 (a), the Defendant has attached hereto as all the pleadings that have been filed in this matter which consist of:

Exhibit A – Plaintiff's Original Complaint

Exhibit B – Plaintiff's First Amended Complaint

Exhibit C – Plaintiff's Second Amended Complaint

Exhibit D – Summons issued to all Defendants

Exhibit E – Motion for Injunction filed by Plaintiff

Exhibit F – Motion to File Amended Complaint

Exhibit G – Order granting filing of Second Amended Complaint

Exhibit H – Answer of Louisville Metro Government

Exhibit I – Answer of Defendants – Hamilton, Hankison, Lettie, Madison, Hamlin, Ashenfelter, Hirtzel, Ward, Glass and Boswell.

Exhibit J – Written notice of the filing of this Joint Notice of Removal is being served on Plaintiffs and filed with Jefferson Circuit Court in accordance with the requirements of 28 U.S.C. § 1146(d).

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

BY:   /s/ R. Jeffrey Lowe_____
R. JEFFREY LOWE
KIGHTLINGER & GRAY, LLP
3620 Blackiston Boulevard, Suite 200
New Albany, Indiana 47150
(812) 949-2300
jlowe@k-glaw.com

Counsel for S. Moss, Rick Ashabranner, Chris Grimm and J. Schiller

/s/ Lisa A. Schweickart with permission
LISA A. SCHWEICKART
Assistant County Attorney
Fiscal Court Building
531 Court Place, Suite 900
Louisville KY 40202
(502) 574-4048
lisa.schweickart@louisvilleky.gov
Counsel for Defendants Louisville Jefferson County Metro Government, Hamilton, Hankison, Lettie, Madison, Hamlin, Ashenfelter, Hirtzel, Ward, Glass and Boswell.

/s/ Sean Ragland with permission
SEAN RAGLAND
Phillips, Parker, Orbeson & Arnett, PLC
716 W. Main Street, Suite 300
Louisville KY 40202
(502) 583-9900
Sragland@ppoalaw.com

Counsel for Officer Brian Gillock

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May, 2012, a copy of the foregoing Appearance was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and/or U.S. Mail. Parties may access this filing through the Court's system.

Daniel J. Canon
Garry R. Adams,
Clay Frederick Adams, PLC,
462 S. 4th Street, Meidinger Tower,
Suite 1730
Louisville, Kentucky 40202
dan@justiceky.com
garry@justiceky.com
Counsel for Plaintiff

Mellissa Eyre Yeagle,
Meidinger Tower, Suite 101,
462 South Fourth Street,
Louisville, Kentucky 40202
Mellissa.eyre@gmail.com
Counsel for Plaintiff

Lisa A. Schweickart
Assistant County Attorney
Fiscal Court Building
531 Court Place, Suite 900
Louisville KY 40202
(502) 574-4048
lisa.schweickart@louisvilleky.gov
Counsel for Louisville Jefferson County Metro Government Defendants except Brian Gillock

Sean Ragland
Phillips, Parker, Orbeson & Arnett, PLC
716 W. Main Street, Suite 300
Louisville KY 40202
(502) 583-9900
Sragland@ppoalaw.com
Counsel for Officer Brian Gillock


                                        __/s/ R. Jeffrey Lowe_____
                                        R. Jeffrey Lowe

KIGHTLINGER & GRAY, LLP
Bonterra Building, Suite 200
3620 Blackiston Boulevard
New Albany, IN 47150
(812) 949-2300
jlowe@k-glaw.com

12CI 02092

NO. _____

JEFFERSON CIRCUIT COURT
DIVISION _____

LEON BRACKENS

v.                                                    PLAINTIFF

LOUISVILLE-JEFFERSON COUNTY
METROPOLITAN GOVERNMENT
d/b/a                                                 DEFENDANTS
Louisville Metro Police Department
810 Barrett Ave.
Louisville, Kentucky 40204
        SERVE:  Greg Fischer
                Louisville Metro Hall
                527 West Jefferson St.
                ·Louisville, KY 40202
    and

OFFICER SAM MADISON
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  Sam Madison
                Louisville Metro Division of Police
                633 West Jefferson
                Louisville, K7 40202
    and

OFFICER EMILY LETTIE
In her individual and official capacity as an Louisville Metro Police Officer
        SERVE:  Emily Lettie
                Louisville Metro Division of Police
                633 West Jefferson
                Louisville, K7 40202
    and

SERGEANT KEVIN HAMLIN
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  Kevin Hamlin
                Louisville Metro Division of Police
                633 West Jefferson
                Louisville, K7 40202
    and

UNKNOWN DEFENDANT OFFICERS
In their individual and official capacities as Louisville Metro Police Officers

**EXHIBIT** _____   A

## VERIFIED COMPLAINT

* * * * * * *

### JURISDICTION AND VENUE

1.     Subject matter jurisdiction over this action exists under Section 112 of the Kentucky Constitution because the amount in controversy, excluding interest, costs, and attorney's fees, exceeds the jurisdictional prerequisites of this Court.

2.     Venue is proper in Jefferson County Circuit Court because the Defendants reside and/or perform their official duties in Jefferson County and the injuries in question occurred in Jefferson County.

### PARTIES

3.     The Plaintiff, Leon Brackens, resides in Floyd County, Indiana.

4.     The Defendant, Louisville-Jefferson County Metropolitan Government is the successor government to the merged governments of the former city of Louisville and former Jefferson County pursuant to KRS 67C.101. This entity is authorized to conduct governmental business on behalf of the citizenry of the merged city and county, is *sui generis*, and is the real party in interest to each of its included agencies, including the named Louisville Metro Police Department ("LMPD").

5.     Upon information and belief, Defendant Officer Sam Madison was at all times relevant to this action, a police officer employed by LMPD.

6.     Upon information and belief, Defendant Officer Emily Lettie was at all times relevant to this action, a police officer employed by LMPD.

2

7.     Upon information and belief, Defendant Sergeant Kevin Hamlin was at all times relevant to this action, a police officer employed by LMPD.

8.     There are unknown defendants, believed to be LMPD officers, whose identity and/or responsibility for the unlawful acts set forth below may be ascertained during the course of this litigation.

9.     Upon information and belief, these unknown defendants are and were at all times relevant to this action, police officers employed by LMPD.

## FACTUAL ALLEGATIONS

10.     In the early morning hours of April 21, 2011, Rhonda Rae Sullivan set in motion a police chase that began in Jeffersonville, Indiana and ended on the streets of Louisville, which garnered the attention and involvement of both Jeffersonville and Louisville Metro police officers along the way.

11.     Ms. Sullivan was giving Mr. Brackens a ride to the store when she was pulled over by police officers in Indiana.

12.     As the police approached her vehicle, she took off.

13.     Mr. Brackens, a helpless passenger, was trapped in the vehicle as Ms. Sullivan raced through Southern Indiana and the Louisville Metro area.

14.     During the chase, Mr. Brackens dialed 911 on his cell phone hoping that police would be able to save him. You can hear Mr. Brackens' repeated cries for help and pleas for his life on the 911 recording.

15.     Mr. Brackens was not involved with, nor was he an accomplice to, Ms. Sullivan's actions that day. He was nothing more than an innocent bystander.

3

16.     As Ms. Sullivan sped through Louisville, Kentucky, Defendants joined the chase and eventually stopped the vehicle on I-264 at Exit 18 (Breckinridge Lane).

17.     Upon blocking Ms. Sullivan's vehicle, the Defendants immediately descended upon it.

18.     The Defendants told Mr. Brackens to put his arms in the air and he immediately complied. At no time did Mr. Brackens refuse to comply with any order of any police officer.

19.     Officer S. Madison's dashboard camera video shows that officers forcefully removed Mr. Brackens from Ms. Sullivan's vehicle.

20.     Defendants ripped open the front passenger door, dragged Mr. Brackens out of the vehicle, and savagely beat him.

21.     Defendants slammed him to the ground and jumped on him.

22.     One Defendant kneed Mr. Brackens in his chest breaking his ribs.

23.     One Defendant stomped on Mr. Brackens' shoulder, which is permanently disfigured as a result.

24.     Despite Mr. Bracken's pleas to stop and promises that he was complying with them, he was repeatedly punched and kicked by Defendants.

25.     After the attack, Mr. Brackens was unable to walk on his own.

26.     Defendants attempted to pick Mr. Brackens up off of the ground to put him in the police car. However, they were unable to move Mr. Brackens due to his severe injuries.

4

27.     Eventually one of the Defendants called for EMS and Mr. Brackens was transported from the scene to University Hospital.

28.     An EMS worker asked one of the Defendants what he should state as the cause of Plaintiff's injuries, to which one of the unknown Defendant officers replied, "I don't give a fuck, make up something."

29.     Mr. Brackens reported to the EMS responders, who were called by LMPD, that Defendants had pulled him from the vehicle and assaulted him.

30.     Although Mr. Brackens was not arrested in connection with the events of that morning, he sustained severe injuries due Defendants' excessive use of force against him.

31.     Mr. Brackens suffered a fractured femur, a fractured humerus, and numerous other injuries as a result of the assault by Defendants.

32.     To this day, Mr. Brackens is confined to a wheelchair as a result of the attack.

33.     A social worker at University Hospital substantiated that the injuries were the result of a physical assault.

34.     Due to the injuries he sustained at the hands of the Defendants, Mr. Brackens was hospitalized for several months and has undergone multiple surgeries.

35.     He also spent time living in a nursing home because he cannot care for himself.

36.     He is currently living with his father with the assistance of Hospice, as his health is fading.

5

37.    Plaintiff, through counsel, investigated the incidents that occurred on April 21, 2011, and was met with frequent attempts by Defendants to conceal the truth.

38.    Beginning in May of 2011 and continuing through September, Plaintiff submitted multiple Open Records Requests pursuant to KRS 61.870 et seq.

39.    During this time, Defendants repeatedly stalled and refused to turn over any records requested.

40.    On or about May 11, 2011, Plaintiff was told that the requested records were not yet available.

41.    On or about May 24, 2011, LMPD informed Plaintiff's counsel that there was only <u>one</u> document that was responsive to Plaintiff's request for "any and all documentation/records/notes/investigations/-files surrounding the pursuit, arrest and extradition (if applicable) of Rhonda S. Sullivan on or about April 21, 2011, including but not limited to all dispatch audio" and that Metro Safe was unable to locate any dispatch audio due to "insufficient information."

42.    Again in September, Plaintiff was told that LMPD was not in possession of any records responsive to the request for "any and all documentation, including, but not limited to, dispatch logs, records, audio recordings, e-mails, run logs, dashboard camera videos, charts, outgoing calls, which in any way related to the attached run on April 21, 2011."

43.    However, in October, LMPD finally released to Plaintiff twenty-five pages of documentation as well as a CD that was responsive to the September request.

6

44.   On or about November 9, 2011, LMPD also released another CD to Plaintiff, which was responsive to the same September request.

45.   Although Ms. Sullivan was arrested by LMPD on April 21, 2011, the arresting officer is listed as "unknown."

46.   Additionally, Defendants' dashboard camera video shows a multitude of LMPD officers involved in the pursuit and detainment of Mr. Brackens, yet he is the only officer that has been affirmatively identified as being involved.

47.   Moreover, despite Defendants' dashboard video evidencing LMPD officers using force against Mr. Brackens, no use of force form has ever been produced.

48.   Such behavior is indicative of an overall scheme to cover-up the events of April 21, 2011, particularly the vicious assault perpetrated by Defendants against Plaintiff.

49.   There were no allegations that Mr. Brackens was resisting arrest or being combative.

50.   In fact, Mr. Brackens was not arrested or charged with anything related to the events of that morning., yet he sustained severe injuries only moments after being stopped by Defendants.

## COUNT I
## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983

51.   Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

7

52.     At all relevant times, the Defendants acted under color of state law.

53.     In addition, at relevant times, Defendants acted within the course and scope of their duties as LMPD officers.

54.     On or about April 21, 2011, Defendants, without probable cause or justification used excessive physical force, assaulted, battered, and falsely imprisoned Plaintiff Leon Brackens all to his detriment.

55.     Defendants' actions were in bad faith and without just and legal cause, thereby violating the Plaintiff's rights under the Constitution and Laws of the United States, and the acts of the Defendants were not objectively reasonable under the circumstances.

56.     The aforementioned conduct of the Defendants amounts to an unreasonable seizure and/or seizure without probable cause within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, Title 42 of the United States Code § 1983.

57.     Thus, Defendants deprived Mr. Brackens of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

58.     Pursuant to the United States Constitution and 42 U.S.C. § 1983, the Defendant LMPD has failed to adequately train and supervise its law enforcement officers, as to the proper procedure for apprehending citizens of the Commonwealth of Kentucky.

59.     The constitutionally offensive and negligent training and supervision by the LMPD of its officers is inadequate to the task that the officers must perform,

8

and the Defendant's deliberate indifference and inadequacy in the present scenario was "closely related to" and/or "actually caused" the Plaintiff's injuries.

60.    Defendant LMPD is responsible for the actions of the Unknown Defendant officers because the aforementioned constitutionally offensive and negligent supervision and training of its officers amounts to an execution and/or implementation of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by LMPD.

## COUNT II
## CONSPIRACY PURSUANT TO 42 U.S.C. § 1985

61.    The Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

62.    Defendants conspired to violate Plaintiff's Constitutional rights by setting the events into action, by depriving Plaintiff of his rights, and by many attempts to conceal their illegalities by tampering with evidence.

63.    The conspiratorial acts of the Defendants have caused the Plaintiff to suffer physical damage, emotional damages and fear.

## COUNT III
## STATE LAW CLAIMS

64.    The Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

9

65.     The aforementioned conduct of the Defendants toward the Plaintiff constitutes the torts of excessive execution, assault, battery, and false imprisonment within the meaning of the common law of the Commonwealth of Kentucky.

66.     The aforementioned conduct of all Defendants constitutes "official misconduct" as contemplated by KRS 533.030 & 522.030.

67.     The aforementioned conduct of all Defendants constitutes assault as contemplated by KRS 508.030.

68.     The aforementioned conduct of all Defendants constitutes tampering with physical evidence as contemplated by KRS 524.100.

69.     Violations of these statutes are brought pursuant to KRS 446.070.

**WHEREFORE,** the Plaintiff, by counsel, respectfully demand as follows:

1.     For an award of compensatory and punitive damages for Plaintiff against all Defendants;

2.     For a trial by jury on any and all issues so triable;

3.     For his attorney's fees and expenses incurred herein and the costs of this action; and

4.     Any and all other relief to which the Plaintiff may appear entitled.

Respectfully submitted,

DANIEL J. CANON
GARRY R. ADAMS
CLAY FREDERICK ADAMS, PLC
Meidinger Tower, Suite 101
462 South Fourth Avenue
Louisville, Kentucky 40202
(502) 561-2005
*Counsel for Plaintiff*

10

and

MELLISSA EYRE YEAGLE
Meidinger Tower, Suite 101
462 South Fourth Avenue
Louisville, Kentucky 40202
(502) 561-2005
*Co-Counsel for Plaintiff*

## VERIFICATION

I am the Plaintiff in the within action.  I have read the foregoing Complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

LEON BRACKENS

COMMONWEALTH OF KENTUCKY )
                                                    ) ss:
COUNTY OF                                   )

SUBSCRIBED AND SWORN to before me by LEON BRACKENS this 10th day of April, 2012.

My commission expires: 07-13-2013

NOTARY PUBLIC, STATE-AT-LARGE, KY

11

NO. 12-CI-2092                                             JEFFERSON CIRCUIT COURT
                                                                DIVISION TEN (10)

LEON BRACKENS                                                   PLAINTIFF

v.

LOUISVILLE-JEFFERSON COUNTY                          DEFENDANTS
METROPOLITAN GOVERNMENT
d/b/a
Louisville Metro Police Department
810 Barrett Ave.
Louisville, Kentucky 40204
          SERVE:   Greg Fischer
                      Louisville Metro Hall
                      527 West Jefferson St.
                      Louisville, KY 40202
and

OFFICER SAM MADISON
In his individual and official capacity as an Louisville Metro Police Officer
          SERVE:   Sam Madison
                      Louisville Metro Division of Police
                      633 West Jefferson
                      Louisville, K7 40202
and

OFFICER EMILY LETTIE
In her individual and official capacity as an Louisville Metro Police Officer
          SERVE:   Emily Lettie
                      Louisville Metro Division of Police
                      633 West Jefferson
                      Louisville, K7 40202
and

SERGEANT KEVIN HAMLIN
In his individual and official capacity as an Louisville Metro Police Officer
          SERVE:   Kevin Hamlin
                      Louisville Metro Division of Police
                      633 West Jefferson
                      Louisville, K7 40202
and

OFFICER BRIAN GILLOCK
In his individual and official capacity as an Louisville Metro Police Officer
          SERVE:   Brian Gillock

**EXHIBIT** _____   B

Louisville Metro Division of Police
633 West Jefferson
Louisville, K7 40202

and

OFFICER NATHANIEL HERNANDEZ
In his individual and official capacity as an Louisville Metro Police Officer
      SERVE:  Nathaniel Hernandez
              Louisville Metro Division of Police
              633 West Jefferson
              Louisville, K7 40202

and

OFFICER JAMES STEFFAN
In his individual and official capacity as an Louisville Metro Police Officer
      SERVE:  James Steffan
              Louisville Metro Division of Police
              633 West Jefferson
              Louisville, K7 40202

and

OFFICER S. MOSS
In his individual and official capacity as an Louisville Metro Police Officer
      SERVE:  S. Moss
              Jeffersonville Police Department
              City Hall, Suite 135
              500 Quartermaster Court
              Jeffersonville, IN 47130

and

OFFICER R. ASHABRANNER
      SERVE:  R. Ashabranner
              Jeffersonville Police Department
              City Hall, Suite 135
              500 Quartermaster Court
              Jeffersonville, IN 47130

and

POLICE CHIEF CHRIS GRIMM
      SERVE:  Chris Grimm

Jeffersonville Police Department
City Hall, Suite 135
500 Quartermaster Court
Jeffersonville, IN 47130

and

OFFICER J. SCHILLER
      SERVE:   J. Schiller
             Jeffersonville Police Department
             City Hall, Suite 135
             500 Quartermaster Court
             Jeffersonville, IN 47130

and

UNKNOWN DEFENDANT OFFICERS
In their individual and official capacities as Louisville Metro Police Officers and
Jeffersonville Police Officers

## AMENDED COMPLAINT

\* \* \* \* \* \* \*

### JURISDICTION AND VENUE

      1.    Subject matter jurisdiction over this action exists under Section 112 of

the Kentucky Constitution because the amount in controversy, excluding interest,

costs, and attorney's fees, exceeds the jurisdictional prerequisites of this Court.

      2.    Venue is proper in Jefferson County Circuit Court because the

Defendants reside and/or perform their official duties in Jefferson County and the

injuries in question occurred in Jefferson County.

### PARTIES

      3.    The Plaintiff, Leon Brackens, resides in Floyd County, Indiana.

3

4.     The Defendant, Louisville-Jefferson County Metropolitan Government is the successor government to the merged governments of the former city of Louisville and former Jefferson County pursuant to KRS 67C.101. This entity is authorized to conduct governmental business on behalf of the citizenry of the merged city and county, is *sui generis*, and is the real party in interest to each of its included agencies, including the named Louisville Metro Police Department ("LMPD").

5.     Upon information and belief, Defendant Officer Sam Madison was at all times relevant to this action, a police officer employed by LMPD.

6.     Upon information and belief, Defendant Officer Brian Gillcock was at all times relevant to this action, a police officer employed by LMPD.

7.     Upon information and belief, Defendant Sergeant Kevin Hamlin was at all times relevant to this action, a police officer employed by LMPD.

8.     Upon information and belief, Defendant Officer Nathaniel Hernandez was at all times relevant to this action, a police officer employed by LMPD.

9.     Upon information and belief, Defendant Officer James Steffan was at all times relevant to this action, a police officer employed by LMPD.

10.     Upon information and belief, Defendant Officer S. Moss was at all times relevant to this action, a police officer employed by Jeffersonville Police Department.

11.     Upon information and belief, Defendant Officer R. Ashabranner was at all times relevant to this action, a police officer employed by Jeffersonville Police Department.

4

12.     Upon information and belief, Defendant Police Chief Chris Grimm was at all times relevant to this action, a police officer employed by Jeffersonville Police Department.

13.     Upon information and belief, Defendant Officer J. Schiller was at all times relevant to this action, a police officer employed by Jeffersonville Police Department.

14.     There are unknown defendants, believed to be LMPD officers and Jeffersonville Police officers, whose identity and/or responsibility for the unlawful acts set forth below, may be ascertained during the course of this litigation.

15.     Upon information and belief, these unknown defendants are and were at all times relevant to this action, police officers employed by LMPD and Jeffersonville Police Department.

## FACTUAL ALLEGATIONS

16.     In the early morning hours of April 21, 2011, Rhonda Rae Sullivan set in motion a police chase that began in Jeffersonville, Indiana and ended on the streets of Louisville, which garnered the attention and involvement of both Jeffersonville and Louisville Metro police officers along the way.

17.     Ms. Sullivan was giving Mr. Brackens a ride to the store when she was pulled over by police officers in Indiana.

18.     As the police approached her vehicle, she took off.

19.     Mr. Brackens, a helpless passenger, was trapped in the vehicle as Ms. Sullivan raced through Southern Indiana and the Louisville Metro area.

5

20.     During the chase, Mr. Brackens dialed 911 on his cell phone hoping that police would be able to save him. You can hear Mr. Brackens' repeated cries for help and pleas for his life on the 911 recording.

21.     Mr. Brackens was not involved with, nor was he an accomplice to, Ms. Sullivan's actions that day. He was nothing more than an innocent bystander.

22.     As Ms. Sullivan sped through Louisville, Kentucky, Defendants joined the chase and eventually stopped the vehicle on I-264 at Exit 18 (Breckinridge Lane).

23.     Upon blocking Ms. Sullivan's vehicle, the Defendants immediately descended upon it.

24.     The Defendants told Mr. Brackens to put his arms in the air and he immediately complied. At no time did Mr. Brackens refuse to comply with any order of any police officer.

25.     Officer S. Madison's dashboard camera video shows that officers forcefully removed Mr. Brackens from Ms. Sullivan's vehicle.

26.     Defendants ripped open the front passenger door, dragged Mr. Brackens out of the vehicle, and savagely beat him.

27.     Defendants slammed him to the ground and jumped on him.

28.     One Defendant kneed Mr. Brackens in his chest breaking his ribs.

29.     One Defendant stomped on Mr. Brackens' shoulder, which is permanently disfigured as a result.

30.     Despite Mr. Bracken's pleas to stop and promises that he was complying with them, he was repeatedly punched and kicked by Defendants.

31.    After the attack, Mr. Brackens was unable to walk on his own.

32.    Defendants attempted to pick Mr. Brackens up off of the ground to put him in the police car. However, they were unable to move Mr. Brackens due to his severe injuries.

33.    Eventually one of the Defendants called for EMS and Mr. Brackens was transported from the scene to University Hospital.

34.    An EMS worker asked one of the Defendants what he should state as the cause of Plaintiff's injuries, to which one of the unknown Defendant officers replied, "I don't give a fuck, make up something."

35.    Mr. Brackens reported to the EMS responders, who were called by LMPD that Defendants had pulled him from the vehicle and assaulted him.

36.    Although Mr. Brackens was not arrested in connection with the events of that morning, he sustained severe injuries due Defendants' excessive use of force against him.

37.    Mr. Brackens suffered a fractured femur, a fractured humerus, and numerous other injuries as a result of the assault by Defendants.

38.    To this day, Mr. Brackens is confined to a wheelchair as a result of the attack.

39.    A social worker at University Hospital substantiated that the injuries were the result of a physical assault.

40.    Due to the injuries he sustained at the hands of the Defendants, Mr. Brackens was hospitalized for several months and has undergone multiple surgeries.

7

41.     He also spent time living in a nursing home because he cannot care for himself.

42.     He is currently living with his father with the assistance of Hospice, as his health is fading.

43.     Plaintiff, through counsel, investigated the incidents that occurred on April 21, 2011, and was met with frequent attempts by Defendants to conceal the truth.

44.     Beginning in May of 2011 and continuing through September, Plaintiff submitted multiple Open Records Requests pursuant to KRS 61.870 et seq.

45.     During this time, Defendants repeatedly stalled and refused to turn over any records requested.

46.     On or about May 11, 2011, Plaintiff was told that the requested records were not yet available.

47.     On or about May 24, 2011, LMPD informed Plaintiff's counsel that there was only one document that was responsive to Plaintiff's request for "any and all documentation/records/notes/investigations/-files surrounding the pursuit, arrest and extradition (if applicable) of Rhonda S. Sullivan on or about April 21, 2011, including but not limited to all dispatch audio" and that Metro Safe was unable to locate any dispatch audio due to "insufficient information."

48.     Again in September, Plaintiff was told that LMPD was not in possession of any records responsive to the request for "any and all documentation, including, but not limited to, dispatch logs, records, audio recordings, e-mails, run

8

logs, dashboard camera videos, charts, outgoing calls, which in any way related to the attached run on April 21, 2011."

49.   However, in October, LMPD finally released to Plaintiff twenty-five pages of documentation as well as a CD that was responsive to the September request.

50.   On or about November 9, 2011, LMPD also released another CD to Plaintiff, which was responsive to the same September request.

51.   Although Ms. Sullivan was arrested by LMPD on April 21, 2011, the arresting officer is listed as "unknown."

52.   Additionally, Defendants' dashboard camera video shows a multitude of LMPD officers involved in the pursuit and detainment of Mr. Brackens, yet he is the only officer that has been affirmatively identified as being involved.

53.   Moreover, despite Defendants' dashboard video evidencing LMPD officers using force against Mr. Brackens, no use of force form has ever been produced.

54.   Such behavior is indicative of an overall scheme to cover-up the events of April 21, 2011, particularly the vicious assault perpetrated by Defendants against Plaintiff.

55.   There were no allegations that Mr. Brackens was resisting arrest or being combative.

56.   In fact, Mr. Brackens was not arrested or charged with anything related to the events of that morning., yet he sustained severe injuries only moments after being stopped by Defendants.

## COUNT I
### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983

57.     Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

58.     At all relevant times, the Defendants acted under color of state law.

59.     In addition, at relevant times, Defendants acted within the course and scope of their duties as LMPD and Jeffersonville Police officers.

60.     On or about April 21, 2011, Defendants, without probable cause or justification used excessive physical force, assaulted, battered, and falsely imprisoned Plaintiff Leon Brackens all to his detriment.

61.     Defendants' actions were in bad faith and without just and legal cause, thereby violating the Plaintiff's rights under the Constitution and Laws of the United States, and the acts of the Defendants were not objectively reasonable under the circumstances.

62.     The aforementioned conduct of the Defendants amounts to an unreasonable seizure and/or seizure without probable cause within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, Title 42 of the United States Code § 1983.

63.     Thus, Defendants deprived Mr. Brackens of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

64.     Pursuant to the United States Constitution and 42 U.S.C. § 1983, the Defendant LMPD has failed to adequately train and supervise its law enforcement

10

officers, as to the proper procedure for apprehending citizens of the Commonwealth of Kentucky.

65.    The constitutionally offensive and negligent training and supervision by the LMPD and Jeffersonville Police of its officers is inadequate to the task that the officers must perform, and the Defendant's deliberate indifference and inadequacy in the present scenario was "closely related to" and/or "actually caused" the Plaintiff's injuries.

66.    Defendants LMPD and Jeffersonville Police Department is responsible for the actions of the Unknown Defendant officers because the aforementioned constitutionally offensive and negligent supervision and training of its officers amounts to an execution and/or implementation of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by LMPD and Jeffersonville Police Department.

## COUNT II
## CONSPIRACY PURSUANT TO 42 U.S.C. § 1985

67.    The Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

68.    Defendants conspired to violate Plaintiff's Constitutional rights by setting the events into action, by depriving Plaintiff of his rights, and by many attempts to conceal their illegalities by tampering with evidence.

69.    The conspiratorial acts of the Defendants have caused the Plaintiff to suffer physical damage, emotional damages and fear.

11

## COUNT III
## STATE LAW CLAIMS

70.     The Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

71.     The aforementioned conduct of the Defendants toward the Plaintiff constitutes the torts of excessive execution, assault, battery, and false imprisonment within the meaning of the common law of the Commonwealth of Kentucky.

72.     The aforementioned conduct of all Defendants constitutes "official misconduct" as contemplated by KRS 533.030 & 522.030.

73.     The aforementioned conduct of all Defendants constitutes assault as contemplated by KRS 508.030.

74.     The aforementioned conduct of all Defendants constitutes tampering with physical evidence as contemplated by KRS 524.100.

75.     Violations of these statutes are brought pursuant to KRS 446.070.

**WHEREFORE,** the Plaintiff, by counsel, respectfully demand as follows:

1.      For an award of compensatory and punitive damages for Plaintiff against all Defendants;

2.      For a trial by jury on any and all issues so triable;

3.      For his attorney's fees and expenses incurred herein and the costs of this action; and

4.      Any and all other relief to which the Plaintiff may appear entitled.

Respectfully submitted,

DANIEL J. CANON
GARRY R. ADAMS
CLAY FREDERICK ADAMS, PLC
Meidinger Tower, Suite 101
462 South Fourth Avenue
Louisville, Kentucky 40202
(502) 561-2005
*Counsel for Plaintiff*

and

MELLISSA EYRE YEAGLE
Meidinger Tower, Suite 101
462 South Fourth Avenue
Louisville, Kentucky 40202
(502) 561-2005
*Co-Counsel for Plaintiff*

13

NO. 12-CI-2092                                JEFFERSON CIRCUIT COURT
                                             DIVISION TEN (10)

LEON BRACKENS                                           PLAINTIFF

v.

LOUISVILLE-JEFFERSON COUNTY                       DEFENDANTS
METROPOLITAN GOVERNMENT
d/b/a
Louisville Metro Police Department
810 Barrett Ave.
Louisville, Kentucky 40204
          SERVE:  Greg Fischer
                  Louisville Metro Hall
                  527 West Jefferson St.
                  Louisville, KY 40202
and

OFFICER SAM MADISON
In his individual and official capacity as an Louisville Metro Police Officer
          SERVE:  Sam Madison
                  Louisville Metro Division of Police
                  633 West Jefferson
                  Louisville, K7 40202
and

OFFICER EMILY LETTIE
In her individual and official capacity as an Louisville Metro Police Officer
          SERVE:  Emily Lettie
                  Louisville Metro Division of Police
                  633 West Jefferson
                  Louisville, K7 40202
and

SERGEANT KEVIN HAMLIN
In his individual and official capacity as an Louisville Metro Police Officer
          SERVE:  Kevin Hamlin
                  Louisville Metro Division of Police
                  633 West Jefferson
                  Louisville, K7 40202
and

OFFICER BRIAN GILLOCK
In his individual and official capacity as an Louisville Metro Police Officer
          SERVE:  Brian Gillock

**EXHIBIT** C

Louisville Metro Division of Police
633 West Jefferson
Louisville, K7 40202

and

OFFICER NATHANIEL HERNANDEZ
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  Nathaniel Hernandez
                Louisville Metro Division of Police
                633 West Jefferson
                Louisville, K7 40202

and

OFFICER JAMES STEFFAN
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  James Steffan
                Louisville Metro Division of Police
                633 West Jefferson
                Louisville, K7 40202

and

OFFICER ROBERT ASHENFELTER
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  Robert Ashenfelter
                Louisville Metro Division of Police
                633 West Jefferson
                Louisville, K7 40202

and

OFFICER CAREY HIRTZEL
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  Carey Hirtzel
                Louisville Metro Division of Police
                633 West Jefferson
                Louisville, K7 40202

and

OFFICER BRETT HANKISON
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  Brett Hankison
                Louisville Metro Division of Police

633 West Jefferson
Louisville, K7 40202

and

OFFICER ROBERT WARD
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  Robert Ward
                Louisville Metro Division of Police
                633 West Jefferson
                Louisville, K7 40202

and

SERGEANT MATTHEW GLASS
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  James Steffan
                Louisville Metro Division of Police
                633 West Jefferson
                Louisville, K7 40202

and

OFFICER CHRIS MEREDITH
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  Chris Meredith
                Louisville Metro Division of Police
                633 West Jefferson
                Louisville, K7 40202

and

OFFICER ERIC BOSWELL
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  Eric Boswell
                Louisville Metro Division of Police
                633 West Jefferson
                Louisville, K7 40202

and

OFFICER ARCADIO HIDROGO
In his individual and official capacity as an Louisville Metro Police Officer
        SERVE:  Arcadio Hidrogo
                Louisville Metro Division of Police
                633 West Jefferson

3

Louisville, K7 40202

and

OFFICER EDDIE PHILLIPS
In his individual and official capacity as an Louisville Metro Police Officer
   SERVE:  Eddie Phillips
       Louisville Metro Division of Police
       633 West Jefferson
       Louisville, K7 40202

and

OFFICER JEREMY ALLEN
In his individual and official capacity as an Louisville Metro Police Officer
   SERVE:  Jeremy Allen
       Louisville Metro Division of Police
       633 West Jefferson
       Louisville, K7 40202

and

SERGEANT STU HAMILTON
In his individual and official capacity as an Louisville Metro Police Officer
   SERVE:  Stu Hamilton
       Louisville Metro Division of Police
       633 West Jefferson
       Louisville, K7 40202

and

OFFICER S. MOSS
In his individual and official capacity as an Louisville Metro Police Officer
   SERVE:  S. Moss
       Jeffersonville Police Department
       City Hall, Suite 135
       500 Quartermaster Court
       Jeffersonville, IN 47130

and

OFFICER R. ASHABRANNER
   SERVE:  R. Ashabranner
       Jeffersonville Police Department
       City Hall, Suite 135
       500 Quartermaster Court

4

Jeffersonville, IN 47130

and

POLICE CHIEF CHRIS GRIMM
　　　　SERVE:  Chris Grimm
　　　　　　　　Jeffersonville Police Department
　　　　　　　　City Hall, Suite 135
　　　　　　　　500 Quartermaster Court
　　　　　　　　Jeffersonville, IN 47130

and

OFFICER J. SCHILLER
　　　　SERVE:  J. Schiller
　　　　　　　　Jeffersonville Police Department
　　　　　　　　City Hall, Suite 135
　　　　　　　　500 Quartermaster Court
　　　　　　　　Jeffersonville, IN 47130

and

UNKNOWN DEFENDANT OFFICERS
In their individual and official capacities as Louisville Metro Police Officers and
Jeffersonville Police Officers

## SECOND AMENDED COMPLAINT

\* \* \* \* \* \* \*

### JURISDICTION AND VENUE

1.　　Subject matter jurisdiction over this action exists under Section 112 of

the Kentucky Constitution because the amount in controversy, excluding interest,

costs, and attorney's fees, exceeds the jurisdictional prerequisites of this Court.

2.　　Venue is proper in Jefferson County Circuit Court because the

Defendants reside and/or perform their official duties in Jefferson County and the

injuries in question occurred in Jefferson County.

## PARTIES

3.      The Plaintiff, Leon Brackens, resides in Floyd County, Indiana.

4.      The Defendant, Louisville-Jefferson County Metropolitan Government is the successor government to the merged governments of the former city of Louisville and former Jefferson County pursuant to KRS 67C.101. This entity is authorized to conduct governmental business on behalf of the citizenry of the merged city and county, is *sui generis*, and is the real party in interest to each of its included agencies, including the named Louisville Metro Police Department ("LMPD").

5.      Upon information and belief, Defendant Officer Sam Madison was at all times relevant to this action, a police officer employed by LMPD.

6.      Upon information and belief, Defendant Officer Brian Gillcock was at all times relevant to this action, a police officer employed by LMPD.

7.      Upon information and belief, Defendant Sergeant Kevin Hamlin was at all times relevant to this action, a police officer employed by LMPD.

8.      Upon information and belief, Defendant Officer Nathaniel Hernandez was at all times relevant to this action, a police officer employed by LMPD.

9.      Upon information and belief, Defendant Officer James Steffan was at all times relevant to this action, a police officer employed by LMPD.

10.     Upon information and belief, Defendant Officer S. Moss was at all times relevant to this action, a police officer employed by Jeffersonville Police Department.

11.     Upon information and belief, Defendant Officer R. Ashabranner was at all times relevant to this action, a police officer employed by Jeffersonville Police Department.

12.     Upon information and belief, Defendant Police Chief Chris Grimm was at all times relevant to this action, a police officer employed by Jeffersonville Police Department.

13.     Upon information and belief, Defendant Officer J. Schiller was at all times relevant to this action, a police officer employed by Jeffersonville Police Department.

14.     There are unknown defendants, believed to be LMPD officers and Jeffersonville Police officers, whose identity and/or responsibility for the unlawful acts set forth below, may be ascertained during the course of this litigation.

15.     Upon information and belief, these unknown defendants are and were at all times relevant to this action, police officers employed by LMPD and Jeffersonville Police Department.

16.     The above-named individual Defendants have been identified by LMPD as present at the scene of the Plaintiff's assault, and participated directly in his assault and/or aided in the cover-up of the events described in this complaint.

## FACTUAL ALLEGATIONS

17.     In the early morning hours of April 21, 2011, Rhonda Rae Sullivan set in motion a police chase that began in Jeffersonville, Indiana and ended on the streets of Louisville, which garnered the attention and involvement of both Jeffersonville and Louisville Metro police officers along the way.

7

18.     Ms. Sullivan was giving Mr. Brackens a ride to the store when she was pulled over by police officers in Indiana.

19.     As the police approached her vehicle, she took off.

20.     Mr. Brackens, a helpless passenger, was trapped in the vehicle as Ms. Sullivan raced through Southern Indiana and the Louisville Metro area.

21.     During the chase, Mr. Brackens dialed 911 on his cell phone hoping that police would be able to save him. You can hear Mr. Brackens' repeated cries for help and pleas for his life on the 911 recording.

22.     Mr. Brackens was not involved with, nor was he an accomplice to, Ms. Sullivan's actions that day. He was nothing more than an innocent bystander.

23.     As Ms. Sullivan sped through Louisville, Kentucky, Defendants joined the chase and eventually stopped the vehicle on I-264 at Exit 18 (Breckinridge Lane).

24.     Upon blocking Ms. Sullivan's vehicle, the Defendants immediately descended upon it.

25.     The Defendants told Mr. Brackens to put his arms in the air and he immediately complied. At no time did Mr. Brackens refuse to comply with any order of any police officer.

26.     Officer S. Madison's dashboard camera video shows that officers forcefully removed Mr. Brackens from Ms. Sullivan's vehicle.

27.     Defendants ripped open the front passenger door, dragged Mr. Brackens out of the vehicle, and savagely beat him.

28.     Defendants slammed him to the ground and jumped on him.

8

29.   One Defendant kneed Mr. Brackens in his chest breaking his ribs.

30.   One Defendant stomped on Mr. Brackens' shoulder, which is permanently disfigured as a result.

31.   Despite Mr. Bracken's pleas to stop and promises that he was complying with them, he was repeatedly punched and kicked by Defendants.

32.   After the attack, Mr. Brackens was unable to walk on his own.

33.   Defendants attempted to pick Mr. Brackens up off of the ground to put him in the police car. However, they were unable to move Mr. Brackens due to his severe injuries.

34.   Eventually one of the Defendants called for EMS and Mr. Brackens was transported from the scene to University Hospital.

35.   An EMS worker asked one of the Defendants what he should state as the cause of Plaintiff's injuries, to which one of the Defendant officers replied, "I don't give a fuck, make up something."

36.   Mr. Brackens reported to the EMS responders, who were called by LMPD that Defendants had pulled him from the vehicle and assaulted him.

37.   Although Mr. Brackens was not arrested in connection with the events of that morning, he sustained severe injuries due Defendants' excessive use of force against him.

38.   Mr. Brackens suffered a fractured femur, a fractured humerus, and numerous other injuries as a result of the assault by Defendants.

39.   To this day, Mr. Brackens is confined to a wheelchair as a result of the attack.

40.    A social worker at University Hospital substantiated that the injuries were the result of a physical assault.

41.    Due to the injuries he sustained at the hands of the Defendants, Mr. Brackens was hospitalized for several months and has undergone multiple surgeries.

42.    He also spent time living in a nursing home because he cannot care for himself.

43.    He is currently living with his father with the assistance of Hospice, as his health is fading.

44.    Plaintiff, through counsel, investigated the incidents that occurred on April 21, 2011, and was met with frequent attempts by Defendants to conceal the truth.

45.    Beginning in May of 2011 and continuing through September, Plaintiff submitted multiple Open Records Requests pursuant to KRS 61.870 et seq.

46.    During this time, Defendants repeatedly stalled and refused to turn over any records requested.

47.    On or about May 11, 2011, Plaintiff was told that the requested records were not yet available.

48.    On or about May 24, 2011, LMPD informed Plaintiff's counsel that there was only <u>one</u> document that was responsive to Plaintiff's request for "any and all documentation/records/notes/investigations/-files surrounding the pursuit, arrest and extradition (if applicable) of Rhonda S. Sullivan on or about April 21,

2011, including but not limited to all dispatch audio" and that Metro Safe was unable to locate any dispatch audio due to "insufficient information."

49.     Again in September, Plaintiff was told that LMPD was not in possession of any records responsive to the request for "any and all documentation, including, but not limited to, dispatch logs, records, audio recordings, e-mails, run logs, dashboard camera videos, charts, outgoing calls, which in any way related to the attached run on April 21, 2011."

50.     However, in October, LMPD finally released to Plaintiff twenty-five pages of documentation as well as a CD that was responsive to the September request.

51.     On or about November 9, 2011, LMPD also released another CD to Plaintiff, which was responsive to the same September request.

52.     Although Ms. Sullivan was arrested by LMPD on April 21, 2011, the arresting officer is listed as "unknown."

53.     Moreover, despite Defendants' dashboard video evidencing LMPD officers using force against Mr. Brackens, no use of force form has ever been produced.

54.     Such behavior is indicative of an overall scheme to cover-up the events of April 21, 2011, particularly the vicious assault perpetrated by Defendants against Plaintiff.

55.     There were no allegations that Mr. Brackens was resisting arrest or being combative.

56.     In fact, Mr. Brackens was not arrested or charged with anything related to the events of that morning, yet he sustained severe injuries only moments after being stopped by Defendants.

## COUNT I
## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983

57.     Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

58.     At all relevant times, the Defendants acted under color of state law.

59.     In addition, at relevant times, Defendants acted within the course and scope of their duties as LMPD and Jeffersonville Police officers.

60.     On or about April 21, 2011, Defendants, without probable cause or justification used excessive physical force, assaulted, battered, and falsely imprisoned Plaintiff Leon Brackens all to his detriment.

61.     Defendants' actions were in bad faith and without just and legal cause, thereby violating the Plaintiff's rights under the Constitution and Laws of the United States, and the acts of the Defendants were not objectively reasonable under the circumstances.

62.     The aforementioned conduct of the Defendants amounts to an unreasonable seizure and/or seizure without probable cause within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, Title 42 of the United States Code § 1983.

63. Thus, Defendants deprived Mr. Brackens of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

64. Pursuant to the United States Constitution and 42 U.S.C. § 1983, the Defendant LMPD has failed to adequately train and supervise its law enforcement officers, as to the proper procedure for apprehending citizens of the Commonwealth of Kentucky.

65. The constitutionally offensive and negligent training and supervision by the LMPD and Jeffersonville Police of its officers is inadequate to the task that the officers must perform, and the Defendant's deliberate indifference and inadequacy in the present scenario was "closely related to" and/or "actually caused" the Plaintiff's injuries.

66. Defendants LMPD and Jeffersonville Police Department is responsible for the actions of the Unknown Defendant officers because the aforementioned constitutionally offensive and negligent supervision and training of its officers amounts to an execution and/or implementation of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by LMPD and Jeffersonville Police Department.

## COUNT II
## CONSPIRACY PURSUANT TO 42 U.S.C. § 1985

67. The Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

68.     Defendants conspired to violate Plaintiff's Constitutional rights by setting the events into action, by depriving Plaintiff of his rights, and by many attempts to conceal their illegalities by tampering with evidence.

69.     The conspiratorial acts of the Defendants have caused the Plaintiff to suffer physical damage, emotional damages and fear.

### COUNT III
### STATE LAW CLAIMS

70.     The Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

71.     The aforementioned conduct of the Defendants toward the Plaintiff constitutes the torts of excessive execution, assault, battery, and false imprisonment within the meaning of the common law of the Commonwealth of Kentucky.

72.     The aforementioned conduct of all Defendants constitutes "official misconduct" as contemplated by KRS 533.030 & 522.030.

73.     The aforementioned conduct of all Defendants constitutes assault as contemplated by KRS 508.030.

74.     The aforementioned conduct of all Defendants constitutes tampering with physical evidence as contemplated by KRS 524.100.

75.     Violations of these statutes are brought pursuant to KRS 446.070.

**WHEREFORE,** the Plaintiff, by counsel, respectfully demand as follows:

1.     For an award of compensatory and punitive damages for Plaintiff against all Defendants;

2. For a trial by jury on any and all issues so triable;

3. For his attorney's fees and expenses incurred herein and the costs of

this action; and

4. Any and all other relief to which the Plaintiff may appear entitled.

Respectfully submitted,

DANIEL J. CANON
GARRY R. ADAMS
CLAY FREDERICK ADAMS, PLC
Meidinger Tower, Suite 101
462 South Fourth Avenue
Louisville, Kentucky 40202
(502) 561-2005
*Counsel for Plaintiff*

and

MELLISSA EYRE YEAGLE
Meidinger Tower, Suite 101
462 South Fourth Avenue
Louisville, Kentucky 40202
(502) 561-2005
*Co-Counsel for Plaintiff*

| AOC-105          Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. 12-CI-2092<br>Court  ☑ Circuit  ☐ District<br>County  Jefferson  ☑ |

 

**PLAINTIFF**

Leon                                                  Brackens

 

**VS.**

 

**DEFENDANT**

Stu                                                   Hamilton
Louisville Metro Divison of Police
633 West Jefferson
Louisville                    Kentucky        ☑ 40202

**Service of Process Agent for Defendant:**

_____
_____
_____
                                                        ☑
_____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

    You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on
the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on
your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you
for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document
delivered to you with this Summons.

                                                        DAVID L. NICHOLSON
                                                        CIRCUIT COURT CLERK
Date:  APR 2 0 2012 , 2_____                                                         _____ Clerk
                                            By: _____ D.C.

```
┌─────────────────────────────────────────────────────────────────┐
│                          Proof of Service                          │
│  This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: │
│  _____    │
│  this _____ day of _____, 2_____.                      │
│                        Served by: _____│
│                                   _____ Title │
└─────────────────────────────────────────────────────────────────┘
```

                                                                    D

**EXHIBIT** _____

| AOC-105          Doc. Code: CI | CIVIL SUMMONS | Case No. 12-CI-2092 |
|---|---|---|
| Rev. 1-07 | | Court ☑ Circuit ☐ District |
| Page 1 of 1 | | |
| Commonwealth of Kentucky | | County Jefferson ▼ |
| Court of Justice   www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

PLAINTIFF

Leon                                          Brackens

VS.

DEFENDANT

Brett                                         Hankison
Louisville Metro Divison of Police
633 West Jefferson
Louisville              Kentucky      ▼ 40202

**Service of Process Agent for Defendant:**

_____

_____

_____  ▼

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _APR 2 0 2012_, 2_____

                                        DAVID L. NICHOLSON
                                        CIRCUIT COURT CLERK                Clerk
By: _____ 14 _____  D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

| AOC-105          Doc. Code: CI | | Case No. **CI 02092** |
|---|---|---|
| Rev. 1-07 | | Court  [✔] Circuit  [ ] District |
| Page 1 of 1 | **CIVIL SUMMONS** | |
| Commonwealth of Kentucky | | County  Jefferson  [▼] |
| Court of Justice   www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

**PLAINTIFF**

Leon                                    Brackens

**VS.**

                                                                        **DEFENDANT**
Emily                                   Lettie                            [▼]

[▼]

**Service of Process Agent for Defendant:**

| Emily | Lettie | |
|---|---|---|
| Louisville Metro Divison of Police | | |
| 633 West Jefferson Street | | |
| Louisville | Kentucky  [▼]  40202 | |

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

        You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

        The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____ APR 1 2 2012 _____

DAVID L. NICHOLSON
CIRCUIT COURT CLERK _____ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

AOC-105
Rev. 1-07
Page 1 of 1
Commonwealth of Kentucky
Court of Justice   www.courts.ky.gov
CR 4.02; CR Official Form 1

**CIVIL SUMMONS**

Doc. Code: CI

Case No.

Court   ☑ Circuit  ☐ District

County   Jefferson   ☑

Leon                                                    **PLAINTIFF**

RECEIVED APR 18 2012

Brackens                              BES

**VS.**

Louisville-Jefferson County Metropolitan Government d/b/a Louisville Metro Police Department                              **DEFENDANT**

810 Barrett Ave
Louisville                  Kentucky      ☑  40204

Service of Process Agent for Defendant:
Greg                                        Fisher
Louisville Metro Hall
527 West Jefferson Street
Louisville                        Kentucky      ☑  40202

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

    You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____APR 11 2012_____

By: _____ Clerk

_____ D.C.

┌─────────────────────────────────────────────────────────────┐
│ **Proof of Service**                                          │
│ This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: │
│ this _____ day of _____, 2 _____ _____ │
│                          Served by: _____   │
│                          _____ Title        │
└─────────────────────────────────────────────────────────────┘

| AOC-105          Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. T 09099 |
|---|---|---|
| | | Court  ☑ Circuit  ☐ District |
| | | County  Jefferson  ▼ |

|  | **PLAINTIFF** |
|---|---|

Leon                                 Brackens

**VS.**

|  | **DEFENDANT** |
|---|---|

Unknown Defendant Officer

▼

**Service of Process Agent for Defendant:**

| Lisa | A | Schweickart |
|---|---|---|

Assistant Jefferson County Attorney

531 Court Place, Suite 900, Fiscal Court Building

| Louisville | Kentucky | ▼ | 40202 |
|---|---|---|---|

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____APR 1 1 2012_____

DAVID L. NICHOLSON
CIRCUIT COURT CLERK

By: _____ Clerk

_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

| AOC-105 | Doc. Code: CI | | Case No. 12-CI-2092 |
|---|---|---|---|
| Rev. 1-07 | | | |
| Page 1 of 1 | | CIVIL SUMMONS | Court ☑ Circuit ☐ District |
| Commonwealth of Kentucky | | | County Jefferson ▼ |
| Court of Justice   www.courts.ky.gov | | | |
| CR 4.02; CR Official Form 1 | | | |

**PLAINTIFF**

Leon                                    Brackens

VS.

**DEFENDANT**

Robert                                  Ward
Louisville Metro Division of Police
633 West Jefferson
Louisville              Kentucky        ▼ 40202

**Service of Process Agent for Defendant:**

_____

_____

_____  ▼

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: APR 2 0 2012 , 2____

DAVID L. NICHOLSON
CIRCUIT COURT CLERK            Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

| AOC-105<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | Doc. Code: CI | | **CIVIL SUMMONS** | Case No<br>Court ☑ Circuit  ☐ District<br>County Jefferson |

Leon

**RECEIVED APR 16 2012**

Brackens

BES

**PLAINTIFF**

**VS.**

Louisville-Jefferson County Metropolitan Government d/b/a Louisville Metro Police Department

**DEFENDANT**

810 Barrett Ave

Louisville                         Kentucky        40204

**Service of Process Agent for Defendant:**

Greg                                                    Fisher

Louisville Metro Hall

527 West Jefferson Street

Louisville                                            Kentucky        40202

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

     You are hereby notified **a legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

     The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date:  APR 11 2012

                                              DAVID NICHOLSON, JEFFERSON CIRCUIT CLERK

                                              By: _____ Clerk

                                                                                          D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

                    Served by: _____

                                   _____ Title

NO. 12-CI-2092

CIRCUIT CLERK'S OFFICE
JEFFERSON CIRCUIT COURT

2012 APR 12  A 11: 30

CLERK 5

BY_____D.C.

JEFFERSON CIRCUIT COURT
DIVISION 10
JUDGE IRV MAZE

LEON BRACKENS

PLAINTIFF

v.

**NOTICE – MOTION - ORDER**

LMPD, et al.

DEFENDANT(S)

\* \* \* \* \* \* \* \* \* \* \*

NOTICE

Please take notice that the following motion will be heard in Jefferson Circuit Court Division

10 on _APRIL 16, 2012_, at _2:15 p_.

MOTION FOR PRELIMINARY INJUNCTION

The Plaintiff hereby moves for preliminary injunctive relief pursuant to CR 65, and requests

that the Court order the following:

1. That the Defendant LMPD immediately reveal the identities of the officers involved in the

   incident on April 21, 2011, as described in the Complaint;

2. That the Unknown Defendant(s) immediately reveal their identity/ies so that they may be

   served with process, that the Complaint may be amended, and discovery may be conducted.

Respectfully submitted,

DANIEL J. CANON
CLAY FREDERICK ADAMS, PLC
Meidinger Tower, Suite 101
462 S. Fourth Street
Louisville, KY 40202
(502) 561-2005
Counsel for Plaintiff

**EXHIBIT** E

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed and emailed this 12ᵗʰ day of April, 2012

to the following recipients:

LISA A. SCHWEICKART
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Fiscal Court Building
Louisville, KY 40202

DANIEL J. CANON

NO. 12-CI-2092

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)
JUDGE IRV MAZE

LEON BRACKENS

PLAINTIFF

VS.                         **NOTICE-MOTION-ORDER**

LOUISVILLE-JEFFERSON COUNTY
METROPOLITAN GOVERNMENT, et al.

DEFENDANTS

* * * * * *

TO:   Hon. Lisa Schweickart
      Assistant County Attorney
      Fisal Court Building
      531 Court Building, Suite 900
      Louisville, KY 40202

### NOTICE

Please take notice that the undersigned will on Friday, April 20, 2012, at 10:30 a.m. make

the following motion and tender the attached Order.

### MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Comes the Plaintiff, by counsel, and moves this court for leave to file his Second

Amended Complaint in the above-styled action. The Plaintiff's Second Amended Complaint is

attached hereto.

Respectfully submitted,

DANIEL J. CANON
Clay Frederick Adams PLC
Meidinger Tower, Suite 101
462 S. Fourth Street
Louisville, KY 40202
(502) 561-2005
Counsel for Plaintiff

**EXHIBIT** F _____

NO.  12-CI-2092

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)
JUDGE IRV MAZE

LEON BRACKENS

PLAINTIFF

VS.

**ORDER**

LOUISVILLE-JEFFERSON COUNTY
METROPOLITAN GOVERNMENT, et al.

DEFENDANTS

\* \* \* \* \* \*

Upon Motion of the Plaintiff, and this Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that the Plaintiff's Second Amended Complaint hereby is

**SUSTAINED.**

_____

**JUDGE IRV MAZE**

Date: _____

NO.  12-CI-2092

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)
JUDGE IRV MAZE

LEON BRACKENS

PLAINTIFF

VS.

**ORDER**

LOUISVILLE-JEFFERSON COUNTY
METROPOLITAN GOVERNMENT, et al.

DEFENDANTS

* * * * * *

Upon Motion of the Plaintiff, and this Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that the Plaintiff's Second Amended Complaint hereby is

**SUSTAINED.**

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

APR 2 0 2012

BY_____ DEPUTY CLERK

_____
**JUDGE IRV MAZE**

Date: _____4/20/1~_____

Metro has no objections —

**EXHIBIT** _____ G

NO. 12-CI-2092

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)
JUDGE IRV MAZE

LEON BRACKENS                                                   PLAINTIFF

v.                         **ANSWER ON BEHALF OF**
                    **LOUISVILLE JEFFERSON COUNTY**
                           **METRO GOVERNMENT**

LOUISVILLE METRO GOVERNMENT, *et al.*                          DEFENDANTS

\* \* \* \* \* \* \*

Defendant, Louisville Jefferson County Metro Government ("Metro"), by counsel, for its

Answer to the Second Amended Complaint filed herein state as follows:

     1.    Metro states that the allegations contained in paragraphs 1 and 2 of the Plaintiff's

Second Amended Complaint are legal conclusions and/or characterizations to which no response

is required.

     2.    Metro is without sufficient information or knowledge to admit or deny the

allegations contained in paragraph 3 of the Second Amended Complaint and therefore denies

same.

     3.    Metro admits the allegations contained in paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12,

and 13 of the Second Amended Complaint.

     4.    Metro is without sufficient information or knowledge to admit or deny the

allegations contained in paragraphs 14 and 15 of the Second Amended Complaint and therefore

denies same.

     5.    Metro denies the allegations contained in paragraph 16 of the Second Amended

Complaint.

     6.    Metro admits the allegations contained in paragraph 17 of the Second Amended

Complaint.

1

**EXHIBIT** H

7.     Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 18, 19, and 20 of the Second Amended Complaint and therefore denies same.

8.     Metro admits that Mr. Brackens called 911. Metro states that the recording of that call speaks for itself. Metro is without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 21 of the Second Amended Complaint and therefore denies same.

9.     Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 22 and 23 of the Second Amended Complaint and therefore denies same.

10.     Metro denies the allegations contained in paragraphs 24 and 25 of the Second Amended Complaint.

11.     Metro states that the dashboard camera video identified in paragraph 26 of the Second Amended Complaint speaks for itself.

12.     Metro denies the allegations contained in paragraphs 27, 28, 29, 30, and 31 of the Second Amended Complaint.

13.     Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 32 and 33 of the Second Amended Complaint and therefore denies same.

14.     Metro admits an officer called for EMS and Mr. Brackens was transported to the hospital.  All other allegations contained in paragraph 34 of the Second Amended Complaint, whether explicit or implied, are denied.

2

15.     Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 35, 36, 37, 38, 39, 40, 41, 42, and 43 of the Second Amended Complaint and therefore denies same.

16.     Metro denies the allegations contained in paragraph 44 of the Second Amended Complaint.

17.     Metro admits that between May and September of 2011, counsel for the Plaintiff submitted more than one open records request to Metro and/or LMPD. The remainder of the allegations contained in paragraph 45 of the Second Amended Complaint are denied.

18.     Metro denies the allegations contained in paragraph 46 of the Second Amended Complaint.

19.     Regarding the allegations contained in paragraphs 47, 48, 49, 50 and 51 of the Second Amended Complaint, Metro states that the letters and documentation sent to Plaintiff's Counsel in response to the open records requests speak for themselves.

20.     Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 52 of the Second Amended Complaint and therefore denies same.

21.     Regarding the allegations contained in paragraph 53 of the Second Amended Complaint, Metro states that the video speaks for itself. Metro admits that it has not produced a use of force form.

22.     Metro denies the allegations contained in paragraph 54 of the Second Amended Complaint.

23.     Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 55 of the Second Amended Complaint and therefore denies same.

3

24.     Metro admits that Mr. Brackens was not arrested or charged with anything related to the events of that morning. Metro is without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 56 of the Second Amended Complaint and therefore denies same.

25.     Concerning the allegations contained in paragraph 57 of the Second Amended Complaint, Metro restates and incorporates herein by reference its answers and defenses to all previous paragraphs.

26.     Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 58, 59, 60, 61, 62, and 63 of the Second Amended Complaint and therefore denies same.

27.     Metro denies the allegations, as they pertain to LMPD, contained in paragraphs 64, 65 and 66 of the Second Amended Complaint. Metro is without sufficient information or knowledge to admit or deny the allegations, as they pertain to the Jeffersonville Police Department, contained in paragraphs 64, 65 and 66 of the Second Amended Complaint and therefore denies same.

28.     Concerning the allegations contained in paragraph 67 of the Second Amended Complaint, Metro restates and incorporates herein by reference its answers and defenses to all previous paragraphs.

29.     Metro denies the allegations contained in paragraphs 68 and 69 of the Second Amended Complaint.

30.     Concerning the allegations contained in paragraph 70 of the Second Amended Complaint, Metro restates and incorporates herein by reference its answers and defenses to all previous paragraphs.

31.     Metro is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 71, 72, 73, 74, and 75 of the Second Amended Complaint and therefore denies same.

32.     All allegations not specifically admitted herein are denied.

### FIRST DEFENSE

33.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

34.     Metro is entitled to sovereign immunity for the state law claims.

### THIRD DEFENSE

35.     Punitive damages are not recoverable against Metro.

### FOURTH DEFENSE

36.     Metro expressly reserves the right to file further pleadings and to assert additional defenses as the proof develops.

WHEREFORE, Metro demands as follows:

1.     That Plaintiff's Complaint be dismissed, with prejudice;

2.     For its expenses incurred herein;

3.     For a trial by jury on all issues properly so triable, and

4.     Any and all other legal or equitable relief to which it may appear to be entitled.

5

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY

BY: _____
LISA A. SCHWEICKART
ASSISTANT COUNTY ATTORNEYS
FISCAL COURT BUILDING
531 COURT PLACE, SUITE 900
LOUISVILLE, KY 40202
(502) 574-4048

COUNSEL FOR LOUISVILLE JEFFERSON
COUNTY METRO GOVERNMENT

## CERTIFICATE

It is hereby certified that a copy of the foregoing was mailed on May 14th, 2012 via first-class U.S. mail, postage prepaid to: Daniel J. Canon, Garry R. Adams, and Mellissa Eyre Yeagle, CLAY FREDERICK ADAMS, PLC, Meidinger Tower, Suite 101, 462 S. Fourth Avenue, Louisville, KY 40202.

_____
LISA A. SCHWEICKART

NO. 12-CI-2092

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)
JUDGE IRV MAZE

LEON BRACKENS

PLAINTIFF

v.

**ANSWER ON BEHALF OF
LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT**

LOUISVILLE METRO GOVERNMENT, *et al.*

DEFENDANTS

\* \* \* \* \* \* \*

Defendants, Stu Hamilton ("Hamilton"), Brett Hankison ("Hankison"), Emily Lettie ("Lettie"), Sam Madison ("Madison"), Kevin Hamlin ("Hamlin"), Robert Ashenfelter ("Ashenfelter"), Carey Hirtzel ("Hirtzel"), Robert Ward ("Ward"), Matthew Glass ("Glass"), and Eric Boswell ("Boswell"), by counsel, for their Answer to the Second Amended Complaint filed herein state as follows:

1.       Answering Defendants state that the allegations contained in paragraphs 1 and 2 of the Plaintiff's Second Amended Complaint are legal conclusions and/or characterizations to which no response is required.

2.       Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 3 of the Second Amended Complaint and therefore denies same.

3.       Answering Defendants admit the allegations contained in paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 of the Second Amended Complaint.

4.       Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 14 and 15 of the Second Amended Complaint and therefore denies same.

1

**EXHIBIT** _____

without sufficient information or knowledge to admit or deny the allegations, as they pertain to

the Jeffersonville Police Department, contained in paragraphs 64, 65 and 66 of the Second

Amended Complaint and therefore denies same.

31.     Concerning the allegations contained in paragraph 67 of the Second Amended

Complaint, Answering Defendants restate and incorporate herein by reference their answers and

defenses to all previous paragraphs.

32.     Answering Defendants deny the allegations contained in paragraphs 68 and 69 of

the Second Amended Complaint.

33.     Concerning the allegations contained in paragraph 70 of the Second Amended

Complaint, Answering Defendants restate and incorporate herein by reference their answers and

defenses to all previous paragraphs.

34.     Answering Defendants deny the allegations, as they pertain to the Answering

Defendants, contained in paragraphs 71, 72, 73, 74, and 75 of the Second Amended Complaint

and therefore denies same.

35.     All allegations not specifically admitted herein are denied.

### FIRST DEFENSE

36.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

37.     Answering Defendants are entitled to qualified immunity.

### THIRD DEFENSE

38.     Plaintiff's injuries, if any, were caused in whole or in part by his own actions.

### FOURTH DEFENSE

39.     Answering Defendants expressly reserve the right to file further pleadings and to

assert additional defenses as the proof develops.

5

WHEREFORE, Answering Defendants demand as follows:

1.      That Plaintiff's Second Amended Complaint be dismissed, with prejudice;

2.      For their expenses incurred herein;

3.      For a trial by jury on all issues properly so triable, and

4.      Any and all other legal or equitable relief to which they may appear to be entitled.

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY

BY: _____

LISA A. SCHWEICKART
ASSISTANT COUNTY ATTORNEYS
FISCAL COURT BUILDING
531 COURT PLACE, SUITE 900
LOUISVILLE, KY 40202
(502) 574-4048

COUNSEL FOR STU HAMILTON,
BRETT HANKISON, EMILY LETTIE, SAM
MADISON, KEVIN HAMLIN, ROBERT
ASHENFELTER, CAREY HIRTZEL,
ROBERT WARD, MATTHEW GLASS,
ERIC BOSWELL AND LOUISVILLE
JEFFERSON COUNTY METRO
GOVERNMENT

## CERTIFICATE

It is hereby certified that a copy of the foregoing was mailed on May 17th, 2012 via first-class U.S. mail, postage prepaid to: Daniel J. Canon, Garry R. Adams, and Mellissa Eyre Yeagle, CLAY FREDERICK ADAMS, PLC, Meidinger Tower, Suite 101, 462 S. Fourth Avenue, Louisville, KY 40202.

_____
LISA A. SCHWEICKART

6

NO. 12-CI-002092                                    JEFFERSON CIRCUIT COURT
                                                    DIVISION NO. TEN (10)
                                                    JUDGE IRV MAZE

LEON BRACKENS                                                      PLAINTIFF

v.                              **NOTICE**

LOUISVILLE-JEFFERSON COUNTY                                       DEFENDANTS
METROPOLITAN GOVERNMENT, ET AL

     Please find attached as **Exhibit A,** a copy of the Defendants' Notice of Removal to

Federal Court that was filed in this action on May 25, 2012.

                                    Respectfully submitted,

                                    KIGHTLINGER & GRAY, LLP

                        BY:   _____
                                    R. JEFFREY LOWE
                                    KIGHTLINGER & GRAY, LLP
                                    3620 Blackiston Boulevard, Suite 200
                                    New Albany, Indiana 47150
                                    (812) 949-2300
                                    jlowe@k-glaw.com

                                    Counsel for S. Moss, Rick Ashabranner,
                                    Chris Grimm and J. Schiller

                                                                    J
                                              **EXHIBIT**_____

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May, 2012, a copy of the foregoing Appearance was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and/or U.S. Mail. Parties may access this filing through the Court's system.

Daniel J. Canon
Garry R. Adams,
Clay Frederick Adams, PLC,
462 S. 4th Street, Meidinger Tower,
Suite 1730
Louisville, Kentucky 40202
dan@justiceky.com
garry@justiceky.com
Counsel for Plaintiff

Mellissa Eyre Yeagle,
Meidinger Tower, Suite 101,
462 South Fourth Street,
Louisville, Kentucky 40202
Mellissa.eyre@gmail.com
Counsel for Plaintiff

Lisa A. Schweickart
Assistant County Attorney
Fiscal Court Building
531 Court Place, Suite 900
Louisville KY 40202
(502) 574-4048
lisa.schweickart@louisvilleky.gov
Counsel for Louisville Jefferson County Metro Government Defendants except
Brian Gillock

Sean Ragland
Phillips, Parker, Orbeson & Arnett, PLC
716 W. Main Street, Suite 300
Louisville KY 40202
(502) 583-9900
Sragland@ppoalaw.com
Counsel for Officer Brian Gillock

R. Jeffrey Lowe

KIGHTLINGER & GRAY, LLP
Bonterra Building, Suite 200
3620 Blackiston Boulevard
New Albany, IN 47150
(812) 949-2300
jlowe@k-glaw.com